**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FCA USA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:25-cv-10204 |
| v. | ) |
| | ) Judge Jorge Alonso |
| The Individuals, Partnerships and | ) |
| Unincorporated Associations Identified on | ) |
| Schedule "A", | ) |
| Defendants | ) |

**MOTION TO SET ASIDE ENTRY OF DEFAULT**

NOW COMES, Defendants # 5 PENSUN, #50 usbestautoparts, and #56 XRSAUTO (collectively referred to herein as "Defendants") by and through their undersigned counsel and hereby moves this court to set aside the entry of default as follows:

**INTRODUCTION**

Defendants filed their appearances on 10/22/25 (Dkt 41, 42 & 43). After filing their appearance, Defendant's counsel reached out to Plaintiff's counsel via email and telephone to introduce themselves and to discuss the case, to better ascertain Plaintiff's position and to explore the possibility of settlement. On or about 10/25/25 Defendant's attorney had a telephone call with one of Plaintiff's Attorneys regarding the case. Defendant's attorney asked for certain information from Plaintiff regarding specific information related to the alleged infringing sales in the matter. The call was amicable, and since Defendant's counsel had just days earlier been hired by Defendants and filed an appearance the parties agreed that Plaintiff would temporarily ( for a short time) hold off on moving to default Defendants pending the outcome of their talks. In the morning of 10/28/25 Defendants counsel received notice from Defendants that they no longer

1

wanted Defendant's attorneys to represent them. Later on 10/28/25, Dkt 51 was entered defaulting Defendants to their surprise.

## LEGAL STANDARD & ARGUMENT

The Seventh Circuit has a "well-established policy favoring a trial on the merits over a default judgment." *Gersbacher v. Larsen*, 1991 WL 18425, at *1 (N.D. Ill. Feb. 5, 1991). The Federal Rules provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To succeed in the vacation of a default order under Rule 55(c), the defendant must show "(1) good causes for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Antsy Labs, LLC v. Individuals Identified on Schedule A*, 2022 WL 4325291 at *2 (N.D. Ill. Sept. 19, 2022); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020). District courts have considerable discretion in ruling on Rule 55 motions. *Zhu Zhai Holdings Ltd. v. Ivankjovich*, 2021 WL 3634013 at *2 (N.D. Ill. Aug. 17, 2021), *aff'd sub nom. Zhu Zhai Holdings Ltd. v. Ivankovich*, No. 21-3038, 2022 WL 1439396 (7th Cir. May 6, 2022). However, courts should be mindful of the seventh circuit's policy of applying a "lenient standard for applying Rule 55(c) and the policy of favoring trial on the merits over default judgment." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014).

A "default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007). In other words, default judgement are "a weapon of last resort, appropriate only when a party wilfully [sic] disregards pending litigation." Id. In the absence of a showing of willfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment. *Iconic Energy LLC v. Solar Permit Servs., Inc.*, No. 18 CV

2

50020, 2018 WL 4520220 at *2 (N.D. Ill. Aug. 3, 2018) (internal citations omitted). In many ordinary cases resulting in default judgments, the defaulted parties were given various chances and warned; but, when they persisted in being unresponsive, they were then properly defaulted. *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986).

Here, Plaintiff has good cause for its default. Defendants moved quickly to hire counsel in Illinois to defend their case. Defendant's counsel acted diligently in filing its appearance and communicating with Plaintiff's counsel regarding the case and discussing a short reprieve to filing an answer in the mutual hopes of better understanding the parties' positions and in hopes of reaching a quick settlement. The parties' counsel agreed that Plaintiff would not move for default in the short term as discussions continued. What is clear is that Defendants have not willfully disregarded this litigation, in fact they were in the early stages of proactively addressing the case.

Next, Defendants moved quickly to vacate the default order, as this Motion is being filed merely hours after learning of the default against them (Dkt 51). Ergo, it is unlikely Plaintiff's will be prejudiced if the default against Defendants if this Motion is granted. Defendants have shown they are committed to actively defending themselves and have done so by communicated with Plaintiff's attorneys prior to the default being entered.

Further, Defendants believe they have a meritorious defense. A meritorious defense need not, beyond a doubt, succeed in defeating a default judgment, but it must at least "raise[ ] a serious question regarding the propriety of a default judgment and…[be] supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). The moving defendants do not have to demonstrate a definitive showing that its defense will prevail but just that it has merit. *Coyote Logistics LLC v. AMC Cargo Inc.*, 2017 WL 1862642, at *3;

3

*citing*, *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). Here, if allowed, Defendants intend to challenge the claims of Plaintiff , including but not limited to the assertion that the amounts Plaintiff seeks is disproportionate to the amount of the alleged infringing sales.

As mentioned above, only hours prior to the entry of default, Defendants instructed their existing counsel to no longer represent them. As such, a Motion to withdraw is being filed contemporaneously with this Motion to Set Aside Entry of Default. Despite whatever confusion, miscommunication or omissions have occurred prior to this Motion, justice would be best served if Defendants were allowed to find new counsel and present their defense.

WHEREFORE, Defendants respectfully their Motion to Set Aside Entry of Default be granted and that they be granted 28 days to answer or otherwise plead in response to Plaintiff's Complaint.

Respectfully submitted,

/s/Michael S. Davis
Michael Davis
Davis & Carter LLC
53 W. Jackson Blvd., Ste. 1560
Chicago, IL 60604
T: (312) 600-5485
mdavis@daviscarterlaw.com